THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT WARNER, | ) | CASE NO. 1:12 CV 141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| OHIO FARMERS INSURANCE COMPANY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

  This matter comes before the Court upon Plaintiff's Motion to Enforce Settlement (ECF # 22). Defendant filed a Brief in Opposition asking the Court to dismiss Plaintiff's Motion for lack of jurisdiction. Specifically, Defendant asserts that Plaintiff cannot establish jurisdiction for the Motion because the original federal cause of action was dismissed, enforcing settlement agreement is a separate cause of action arising under state contract law, and Plaintiff cannot establish ancillary jurisdiction because the Order of Dismissal neither included an express reservation of jurisdiction nor incorporated the terms of a settlement agreement. Therefore, because the Court finds that Plaintiff failed to establish a basis of jurisdiction, the Motion to Enforce Settlement is DENIED.

  On February 6, 2012, Plaintiff filed an amended complaint against Defendant for alleged violations of the Americans with Disabilities Act and the Family Medical Leave Act. On December 10, 2012, the Plaintiff contacted the Court by telephone to indicate that the parties reached a settlement.  The next day, the Court dismissed the case pursuant to Fed. R. Civ. P.

41(a)(2). The Order of Dismissal did not incorporate any terms or conditions of the reported settlement, nor did it retain jurisdiction to enforce it. Notably, the Court's Order gave Counsel the opportunity to "file any additional documentation evidencing the settlement. (ECF # 21). However, neither party filed any documentation regarding the settlement's terms, conditions, or finalization.

On May 22, 2013, Plaintiff filed a Motion to Enforce Settlement between the parties. (ECF # 22). Therein, Plaintiff asked the Court to enforce the alleged agreement, discernibly on the grounds that Plaintiff made "a good faith effort" to enter into settlement and that Plaintiff's requests were "entirely reasonable." (ECF # 22). In response, the Defendant contends that this Court lacks jurisdiction to enforce the alleged settlement, and therefore the Motion must be dismissed. Ultimately, the Court agrees with Defendant that Plaintiff has not established a basis of jurisdiction for the Motion to Enforce Settlement.

Under Article III of the Constitution, federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..." U.S. Const., Art III, Sec 2. The Supreme Court has interpreted this clause broadly, holding that it allows federal courts to hear any case in which there is a federal ingredient. *Osborn v. Bank of the United States*, 22 U.S. 738 (1824). As noted, the Plaintiff established federal question jurisdiction by filing a cause of action based on federal law, however, Plaintiff's matter lost federal jurisdiction in this Court when the case was dismissed. As explained by the Supreme Court, enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. Of Am.,*511 U.S. 375, 378 (1994). Contrary

to the implication in Plaintiff's Motion, there is no automatic federal jurisdiction over efforts to enforce settlement after dismissal of a federal suit.

Next, Plaintiff has not established a basis of jurisdiction in federal court for its Motion to Enforce Settlement. Indeed, "a settlement agreement is a type of contract and is therefore governed by contract law," an area reserved to the states. *Neely v. Good Samaritan Hosp.*, 345 Fed. Appx. 39, 43 (6th Cir. 2009). Therefore, Plaintiff's Motion regarding the settlement agreement is a separate cause of action under state contract law, and because Plaintiff did not establish federal jurisdiction, the Motion will not be considered by this Court.

Lastly, Plaintiff cannot establish ancillary jurisdiction that would permit the Court to entertain its Motion to Enforce Settlement. In *Re/Max*, the Sixth Circuit recognized that the *Kokkonen* Court permitted district courts to exercise ancillary jurisdiction to enforce a settlement "if the parties had provided for the court's enforcement of a dismissal-producing settlement agreement." *Re/Max Int'l Inc. v. Realty One, Inc.*, 271 F.3d 633, 641 (6th Cir. 2001). In *Kokkonen*, the Supreme Court explained that courts assert ancillary jurisdiction for two purposes: (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent;" and (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-380. As explained below, neither situation applies here.

First, the facts underlying Plaintiff's original cause of action for FMLA and ADA violations are not factually related to the facts underlying breach of settlement agreement. Similarly, in *Kokkonen*, the Supreme Court did not exercise ancillary jurisdiction where "the facts underlying the respondent's dismissed claim for breach of agency agreement and those underlying

3

is claim for breach of settlement agreement [had] nothing to do with eachother." *Id.* at 380. The Court further reasoned that, "it would neither be necessary nor even particularly efficient that they be adjudicated together." *Id.* Therefore, as the facts underlying Plaintiff's two actions are not factually dependent, Plaintiff's case does not warrant ancillary jurisdiction.

Second, Plaintiff fails to establish the second head of ancillary jurisdiction, relating to the court's power "to protect its proceedings and vindicate its authority." *Id.* Because the Order did not retain jurisdiction or incorporate any terms or conditions of the alleged settlement agreement, a breach of the agreement between the parties does not effect a violation of the Court's Order that would require ancillary jurisdiction to enforce it. Under this head of the *Kokkonen* standard, the Supreme Court notes that a district court may establish its jurisdiction to enforce a settlement in one of two ways: (1) by expressly including a provision retaining jurisdiction in the order of dismissal; or (2) by incorporating the terms of the settlement agreement in the order. *Id.* at 641-42. However, the Order of Dismissal includes neither.

First, Plaintiff cannot satisfy the first *Kokkonen* prong because the Order did not expressly retain jurisdiction. In *Neely*, the Sixth Circuit found express reservation of jurisdiction where the district court entered an order dismissing the case with prejudice but "expressly retaining jurisdiction to enforce the terms of settlement between parties if necessary." *Neely v. Good Samaritan Hosp.*, 345 Fed. Appx. 39, 41 (6 th Cir. 2009). Similarly, in *Henley*, the Sixth Circuit found ancillary jurisdiction to enforce the settlement agreement where the order of dismissal allowed the parties to seek "reinstatement within sixty (60) days ...should the settlement not be concluded" and allowed the parties to submit a supplemental judgment entry setting forth the "terms and conditions of the settlement as they may choose." *Henley v. Cuyahoga County Bd. of*

4

*Mental Retardation and Developmental Disabilities*, 141 Fed. Appx. 437, 440 (6th Cir. 2005). Here, however, the Order does not retain any express reservation of jurisdiction to allow parties to enforce a settlement agreement. Instead, the Order flatly dismisses the action based on representations made by Plaintiff.

Second, because the Order does not incorporate any of the terms of the settlement agreement, Plaintiff cannot establish the second *Kokkonen* prong of ancillary jurisdiction. As in *Kokkonen*, the Order here merely dismissed the case. That disposition was "in no way flouted or imperiled by the alleged breach of the settlement agreement" so as to justify the exercise of ancillary jurisdiction. *Id*. at *380. While the Order *does* provide Counsel an opportunity to submit "any additional documentation evidencing the settlement," neither party submitted evidence of the settlement to the Court. Lastly, in *Re/Max*, the Sixth Circuit held that "the mere reference in a dismissal order to a settlement agreement does not incorporate the settlement agreement into the order." *Re/Max*, at 642. Given this precedent, Plaintiff cannot successfully claim that ancillary jurisdiction would be proper regarding the second *Kokkonen* prong.

Therefore, because Plaintiff failed to establish a basis of jurisdiction, the Motion to Enforce Settlement is DENIED. IT IS SO ORDERED.

    _/s/Donald C. Nugent_____
    DONALD C. NUGENT
    United States District Judge

DATED: __July 3, 2013_____